IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| Jolt Initiative, Inc., <br><br> *Plaintiff*, <br><br> v. <br><br> Ken Paxton, in his official capacity as Attorney General of Texas, <br><br> *Defendant*. | Case No. 1:24-cv-01089-DII |

**CAMPAIGN LEGAL CENTER'S MOTION FOR LEAVE TO FILE**
***AMICUS CURIAE* BRIEF IN SUPPORT OF PLAINTIFF'S BRIEF**
**IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

Campaign Legal Center ("CLC") respectfully moves for leave to file the attached proposed *amicus curiae* brief in support of Plaintiff's brief in opposition to Defendant's motion to dismiss. See Ex. A. CLC files this brief to provide a unique perspective and expertise in interpreting the issues presented in this case concerning Section 11(b) of the Voting Rights Act of 1965. CLC's proposed *amicus curiae* participation will aid the Court in resolving the arguments involving this statute in the motion to dismiss, without prejudicing or delaying the litigation.

I. **Identity and interest of proposed amicus curiae.**

Proposed *amicus curiae* CLC is a nonpartisan, nonprofit organization that has been working for more than fifteen years to advance democracy through law. Proposed *amicus* CLC has litigated several prominent voting rights cases, including as lead counsel in *Gill v. Whitford*, 138 S. Ct. 1916 (2018) (redistricting), *Husted v. A. Philip Randolph Institute*, 138 S. Ct. 1833 (2018) (National Voting Rights Act or "NVRA"), *Veasey v. Abbott*, 830 F.3d 216 (5th Cir. 2016) (en banc) (VRA), *Jones v. DeSantis*, 975 F.3d 1016 (11th Cir. 2020) (en banc) (felony

disenfranchisement law), *Clarke v. Wisconsin Elections Comm'n*, 2023 WI 79, 410 Wis. 2d 1, 998 N.W.2d 370, *reconsideration denied* (Jan. 11, 2024) (redistricting), and *Mi Familia Vota v. Fontes*, No. CV-22-00509-PHX-SRB, 2024 WL 2244338 (D. Ariz. May 2, 2024) (Arizona Documentary Proof of Citizenship). CLC has also filed *amicus curiae* briefs in every major voting rights case before the Supreme Court in recent years, including *Moore v. Harper*, No. 21-1271 (2022), *Merrill v. Milligan*, No. 21-1086 (2022), *Brnovich v. Democratic National Committee*, 141 S. Ct. 2321 (2021), *Cooper v. Harris*, 137 S. Ct. 1455 (2017), *Evenwel v. Abbott*, 136 S. Ct. 1120 (2016), and *Shelby County v. Holder*, 570 U.S. 529 (2013).

CLC has particular experience in interpreting Section 11(b) of the Voting Rights Act of 1965 (VRA) and voter intimidation law more generally. CLC has submitted numerous *amicus curiae* briefs in recent district court cases involving voter intimidation claims under Section 11(b) of the VRA and the Ku Klux Klan Act of 1871. *See Andrews v. D'Souza*, No. 1:22-cv-04259-SDG (N.D. Ga. 2023); *Cervini v. Cisneros*, No. 1:21-cv-565 (W.D. Tex. 2021); *LULAC v. Public Interest Legal Foundation*, No. 1:18-cv-00423 (E.D. Va. 2018); *Cockrum v. Donald J. Trump for President*, No. 3:18-cv-00484 (E.D. Va. 2018). CLC has also submitted *amicus curiae* briefs advocating for proper state interpretation via regulations of Section 11(b) of the VRA and involving other provisions of the Ku Klux Klan Act of 1871, such as the protections of federal officials in 42 U.S.C. § 1985(1). *See Blassingame v. Trump*, No. 2:21-cv-858 (D.D.C. 2021); *Lee v. Trump*, No. 1:21-cv-400 (D.D.C. 2021); *Swalwell v. Trump*, No. 1:21-cv-586 (D.D.C. 2021); *Arizona Free Enterprise Club v. Fontes*, No. CV2024-002760 (Ariz. Sup. Ct. Maricopa Cnty. 2024). CLC has a demonstrated and sufficient interest in the litigation concerning Section 11(b) of the VRA and other laws that protect voting rights, voters and campaign workers, and the proper functioning of the democratic process.

**II.     Granting the motion to appear as *amicus curiae* would assist the Court's consideration of the motion to dismiss without delaying the litigation.**

The Court should exercise its broad discretion to allow CLC to participate as *amicus curiae*. Because "neither the Rules of Civil Procedure nor the Local Rules of this Court prescribe procedures for filing an amicus curiae brief, . . . it is solely within the discretion of the court to determine the fact, extent, and manner of participation by the amicus." *Alex Pacheco v. Freedom Buick GMC Truck, Inc.*, No. MO-10-CV-116, 2011 WL 13234884, at *1 (W.D. Tex. Nov. 1, 2011) (quoting *Cobell v. Norton*, 246 F. Supp. 2d 59, 62 (D.D.C. 2003)) (internal citations and quotation marks omitted). In exercising the Court's discretion, "[t]he filing of an amicus brief should be permitted if it will assist the judge 'by presenting ideas, arguments, theories, insights, facts or data that are not to be found in the parties' briefs.'" *Northern Mariana Islands v. United States*, No. 08-1572, 2009 WL 596986, at *1 (D.D.C. Mar. 6, 2009) (quoting *Voices for Choices v. Ill. Bell Tel. Co.*, 339 F.3d 542, 545 (7th Cir. 2003)).

Accordingly, courts routinely permit third parties to participate as *amici curiae* when they have "a special interest in th[e] litigation as well as a familiarity and knowledge of the issues raised therein that could aid in the resolution of th[e] case." *Ellsworth Assocs. v. United States*, 917 F. Supp. 841, 846 (D.D.C. 1996); *accord District of Columbia v. Potomac Elec. Power Co.*, 826 F. Supp. 2d 227, 237 (D.D.C. 2011). "The primary role of the amicus is to assist the Court in reaching the right decision in a case affected with the interest of the general public." *Russell v. Bd. of Plumbing Examiners*, 74 F. Supp. 2d 349, 351 (S.D.N.Y. 1999).

This Court in particular has granted leave for organizations to participate as *amicus curiae* in multiple recent voting and election law cases. *See, e.g.*, *La Union Del Pueblo Entero v. Abbott*, No. 5:21-cv-00844-XR (W.D. Tex. 2024) (granting *amicus* participation to numerous civic organizations); *Cervini v. Cisneros*, No. 1:21-cv-565 (W.D. Tex. 2021) (same); *Texas League of*

*United Latin Am. Citizens v. Abbott*, 493 F. Supp. 3d 548, 562 (W.D. Tex. 2020) (same); *Texas Democratic Party v. Abbott*, 461 F. Supp. 3d 406, 414 (W.D. Tex. 2020) (same); *Perez v. Abbott*, 253 F. Supp. 3d 864 (W.D. Tex. 2017) (same). Like the *amici* in those cases, CLC's *amicus curiae* participation will offer the Court a unique expertise on the election law issues presented here that will aid the Court in resolving the motion to dismiss. Proposed *amicus* CLC has developed its expertise regarding Section 11(b) of the VRA by devoting substantial resources to examining Section 11(b)'s legislative history, surveying relevant legal authorities, and understanding its application to modern forms of voter intimidation. CLC's brief seeks to provide a detailed explanation of these issues and serve as a resource for the Court.

CLC also files its motion in a manner that will provide timely and useful information and not unduly delay these proceedings. CLC attaches its proposed *amicus* brief to this motion and does so at a stage when the parties' motion to dismiss briefing is ongoing. This timing will allow Defendant sufficient time to respond to CLC's proposed *amicus* brief in their reply briefs, while also providing the Court ample opportunity to review CLC's brief prior to resolving the motions or holding oral argument.

For the foregoing reasons, CLC respectfully requests that the Court grant its motion for leave to file the attached *amicus curiae* brief. A proposed order is also attached to this motion.

Dated: October 18, 2024

Respectfully submitted,

*/s/ Mary Whittle*

Mary Whittle
Texas Bar No. 24033336
Ketan U. Kharod
Texas Bar No. 24027105
**GUERRERO & WHITTLE, PLLC**

510 Baylor Street
Austin, Texas 78703
P (512) 610-2331
F (512) 222-5280
mary@gwjustice.com
ketan@gwjustice.com

Alice Huling* (DC Bar No. 1644296)
Valencia Richardson* (DC Bar No. 1739245)
Rachel Appel* (DC Bar No. 90017750)

**CAMPAIGN LEGAL CENTER**
1101 14th Street, NW, St. 400
Washington, D.C. 20005
Telephone: (202) 736-2200
Facsimile: (202) 736-2222
ahuling@campaignlegalcenter.org
vrichardson@campaignlegalcenter.org
rappel@campaignlegalcenter.org

*Counsel for Amicus Curiae
Campaign Legal Center*

* Motion for admission *pro hac vice* forthcoming.

## CERTIFICATE OF CONFERENCE

Plaintiff is unopposed to this motion. Defendant Ken Paxton is opposed to this motion.

/s/ Mary Whittle
Mary Whittle

## CERTIFICATE OF SERVICE

I certify that on October 18, 2024, I served the foregoing upon all counsel of record via the Court's electronic case file (ECF) system.

/s/ Mary Whittle
Mary Whittle