IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| JOLT INITIATIVE, Inc., | § § § | |
| *Plaintiff,* | § § § | |
| v. | § § § | Case No. 1:24-cv-01089 |
| KEN PAXTON, in his official capacity as Attorney General of Texas, | § § § § § | |
| *Defendant.* | § § § | |

**AGREED MOTION TO STAY PROCEEDINGS**

## I.   INTRODUCTION

This lawsuit involves an as-applied challenge to the Request to Examine (RTE) that was served to Plaintiff Jolt Initiative, Inc. on August 31, 2024, by the Attorney General pursuant to Tex. Bus. Orgs. Code § 12.151, *et. seq.*

On October 11, 2024, in *Spirit Aerosystems, Inc. v. Paxton* (24-cv-00472), the Hon. U.S. Magistrate Judge Lane heard competing motions for summary judgment regarding a facial challenge to the RTE statute relied upon by the Attorney General in this case. At the conclusion of that hearing, Magistrate Judge Lane directed Spirit Aerosystems to draft a proposed order finding the statute unconstitutional. Per 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72, the Attorney General expects the Magistrate's report and recommendation to be submitted presently to this Court for final disposition.

Consequently, the Parties here agree to suspend all proceedings pending this Court's decision in *Spirit*, and any subsequent appeals which may be brought in that matter.

The Parties agree that a stay is the most reasonable course of action to preserve judicial economy, avoid conflicting judicial opinions, and maintain fairness.

This case should be stayed until further order of the Court, whether on motion from either Party or on the Court's own motion. The Parties agree that the RTE response deadline will be extended until 14 days after the stay is lifted.

## II.   MOTION TO STAY

**A.   Legal Standards**

The decision to stay "is granted in the court's discretion." *Spira Footwear, Inc. v. LeBow*, No. EP-08-CV-55-KC, 2009 WL 10669440, at *2 (W.D. Tex. 2009) (internal quotation marks

omitted). A "District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997).

"When deciding whether to stay a case pending a higher court's decision, the Court considers '(1) whether a stay will unduly prejudice or present a clear tactical disadvantage to the nonmoving party, (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set.'" *Bilberry v. JPMorgan Chase Bank, N.A.*, No. 1:20-CV-470, 2021 WL 536440, at *2 (W.D. Tex. 2021) (quoting *Dwyer v. USAA Savings Bank*, 2017 WL 7805760, at *1 (W.D. Tex. 2017)). A stay is appropriate when a controlling issue of law at issue in a separate case is likely to be decided by the Court of Appeals. *See Texas Indep. Producers & Royalty Owners Ass'n v. EPA*, 410 F.3d 964, 980 (7th Cir. 2005).

**B.      Argument**

In *Spirit*, the plaintiff has brought a facial challenge to the constitutionality of the RTE statute. A ruling in that case that the statute is unconstitutional on its face would necessarily mean it is unconstitutional in all applications, including in the as-applied challenge brought by Jolt in the instant case. Resolution of *Spirit* will not present a tactical disadvantage for the Plaintiff here because, should Spirit prevail, the RTE in this case will be invalid; but, if the Attorney General prevails, the Plaintiff's as-applied challenge may proceed.

For the same reason, the final disposition of *Spirit* may simplify the issues in the instant case.

Finally, neither Party has begun discovery in this matter, a trial date is not set, and this Court has not yet ruled on the Plaintiff's Amended Motion for a Preliminary Injunction, nor the Attorney General's Motion to Dismiss.

To preserve judicial economy and prevent associated harms posed by potentially conflicting opinions, the Parties agree to stay the instant case pending resolution of *Spirit AeroSystems, Inc. v. Paxton*, No. 1:24-cv-00472.

### III.     CONCLUSION

This Court should GRANT the Parties' Joint Motion to Stay Proceedings.

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

RALPH MOLINA
Deputy First Assistant Attorney General

JAMES LLOYD
Deputy Attorney General for Civil Litigation

*/s/ Johnathan Stone*
JOHNATHAN STONE
Texas Bar No. 24071779
Chief, Consumer Protection Division

DAVID G. SHATTO
Texas Bar No. 24104114
Assistant Attorney General

Consumer Protection Division
Office of the Attorney General
P.O. Box 12548
Austin, Texas 78711
Johnathan.Stone@oag.texas.gov
Tel:    (512) 463-2185
Fax:    (512) 370-9125

*Counsel for the Attorney General*

**AGREED:**

*/s/ Mimi Marziani*
Mimi Marziani
Texas Bar No. 24091906
Joaquin Gonzales
Texas Bar No. 24109935
MARZIANI, STEVENS & GONZALES PLLC
1533 Austin Highway, STE 102-402
San Antonio, Texas 78218
Phone: (210) 343-5604
mmarziani@msgpllc.com
jgonzales@msgpllc.com

Ben Gifford*
Georgetown University Law Center
PO Box 211178
Brooklyn, NY 11221
Phone: (202) 662-9835
Bg720@georgetown.edu

Mary B. McCord*
Joseph Mead*
William Powell*
Georgetown University Law Center
600 New Jersey Ave., N.W.
Washington, D.C. 20001
Phone: (202) 662-9042
Mbm7@georgetown.edu
Jm3468@georgetown.edu
William.powell@georgetown.edu

*Counsel for Jolt Initiative, Inc.*

* *Admitted pro hac vice*

## CERTIFICATE OF SERVICE

      I hereby certify that, on October 23, 2024, I electronically filed and served the foregoing using the Court's CM/ECF system.

      */s/ Johnathan Stone*
JOHNATHAN STONE
Texas Bar No. 24071779
Chief, Consumer Protection Division

5